MR

1:26-cv-10437
Judge Matthew F. Kennelly
Magistrate Judge Heather K. McShain
RANDOM / CAT. 2

RECEIVED
AUG 28 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EK

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

EDWARD THOMAS,
Plaintiff,

v.

FOREST PRESERVE DISTRICT OF COOK COUNTY,
including its Police Department,
Defendant.

**Case No.** ______________

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**Americans with Disabilities Act**
**42 U.S.C. §§ 12101 et seq.**

**JURY TRIAL DEMANDED**

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

Plaintiff Edward Thomas, proceeding pro se, alleges as follows:

## PARTIES, JURISDICTION, AND ADMINISTRATIVE EXHAUSTION

**1.** Plaintiff Edward Thomas is a resident of Cook County, Illinois and is employed as a police officer within the Forest Preserve District of Cook County's law-enforcement department.

**2.** Defendant Forest Preserve District of Cook County, including its Police Department, is a public employer located in Cook County, Illinois. Defendant's general headquarters are located at 536 N. Harlem Avenue, River Forest, Illinois 60305.

**3.** This action arises under Title I of the Americans with Disabilities Act of 1990, as amended (ADA), 42 U.S.C. §§ 12101 et seq. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

**4.** Venue is proper in the Northern District of Illinois because Defendant is located in this District and the employment practices at issue occurred in this District.

**5.** Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), Charge No. 440-2025-08284. The charge bears an EEOC received date of September 29, 2025.

**6.** On May 20, 2026, the EEOC issued its Determination and Notice of Rights. Plaintiff received the Notice electronically through the EEOC Public Portal on May 20, 2026. A copy is attached as Exhibit A. The Notice states that the EEOC would not proceed further with its investigation, makes no determination on the merits, and authorizes Plaintiff to file suit within 90 days of receipt.

## FACTUAL ALLEGATIONS

**7.** In or about May 2022, Defendant announced two Investigations Unit Detective opportunities available to department officers.

**8.** The written Detective announcement required scheduling flexibility, including availability for varied or extended hours and possible changes to regular days off. It did not state that an applicant had to be on active duty, medically cleared for an immediate return, or able to begin the Detective assignment immediately merely to apply or interview.

**9.** Plaintiff timely expressed interest in the Detective opportunity and possessed the stated qualifications to compete in the selection process.

**10.** On May 19, 2022, Sgt. Grzegorz Kawecki notified Plaintiff that he had been selected for a Detective panel interview scheduled for May 26, 2022 at 12:00 p.m.

**11.** After Defendant selected Plaintiff for the interview, Defendant rescinded Plaintiff's interview opportunity on the stated ground that Plaintiff could not 'immediately fulfill the required position.'

**12.** At the time, Plaintiff was on medical leave. Management was aware of Plaintiff's medical and leave circumstances before the decision to rescind the interview.

**13.** The immediate-availability criterion relied upon to rescind Plaintiff's interview was not stated in the Detective announcement as a condition for applying or interviewing, and the posting identified no immediate start date.

**14.** Defendant's initial selection of Plaintiff for an interview supports the allegation that Plaintiff had passed the initial screening and was considered eligible to compete for the Detective opportunity.

**15.** Plaintiff alleges that Defendant used his disability and/or disability-related medical-leave status to deny him an equal opportunity to compete for advancement and applied an unstated availability requirement in a discriminatory manner.

**16.** Plaintiff further alleges that Defendant's stated reason was pretextual, selectively applied, or inconsistent with the written selection criteria and Defendant's actual practices.

**17.** Evidence relevant to pretext includes the absence of an express immediate-start condition in the posting, Plaintiff's selection for an interview before the rescission, Defendant's knowledge of Plaintiff's medical status, Plaintiff's participation in another advancement process while management knew of comparable medical circumstances, and the timing and treatment of other Detective candidates.

**18.** Plaintiff continued to pursue advancement opportunities. On November 11, 2024, Commander Charles Ghiloni acknowledged Plaintiff's written expression of interest in Detective and Chief's Detail positions.

**19.** Plaintiff seeks discovery concerning the Detective applicants and interviewees, selection and ranking records, panel notes, actual selection and assignment dates, start dates, policies concerning immediate availability, and the treatment of candidates who were on leave or otherwise temporarily unavailable.

## COUNT I - DISABILITY DISCRIMINATION IN ADVANCEMENT (ADA)

**20.** Plaintiff incorporates paragraphs 1 through 19 as though fully set forth here.

**21.** The ADA prohibits covered employers from discriminating against a qualified individual on the basis of disability in job application procedures, advancement, and other terms, conditions, and privileges of employment.

**22.** Plaintiff alleges that he was qualified to compete under the criteria announced for the Detective selection process and was selected to advance to an interview.

**23.** Defendant subjected Plaintiff to an adverse employment action by rescinding his scheduled Detective interview and denying him the opportunity to compete for advancement.

**24.** Plaintiff alleges that his disability and/or disability-related medical leave was a cause of Defendant's decision and that Defendant's asserted immediate-availability reason was not a criterion

stated in the posting and should be evaluated against Defendant's actual practices and treatment of other candidates.

**25.** As a direct and proximate result, Plaintiff lost an employment advancement opportunity and suffered damages for which relief is available under applicable law.

**LEGAL AUTHORITY SUPPORTING COUNT I**

**26.** In Berman v. County of Lake, No. 21 CV 6517 (N.D. Ill. Sept. 29, 2023), the Northern District of Illinois denied dismissal of an ADA failure-to-promote claim where the plaintiff alleged that the employer did not move forward with a promotion after learning of her disability. The court held that a plaintiff need not establish every prima facie element of a failure-to-promote claim at the pleading stage; the question is whether the alleged facts plausibly support an inference that disability caused the denial of advancement.

**27.** Conley v. Village of Bedford Park, 215 F.3d 703, 711 (7th Cir. 2000), recognizes disability-based failure to promote as actionable under the ADA and identifies qualifications, rejection, and comparative treatment as relevant to proof. Plaintiff alleges that he was selected for the Detective interview, that the interview was then rescinded after his medical-leave status became material to the decision, and that the stated immediate-availability criterion was not contained in the written posting.

**28.** Consistent with Ortiz v. Werner Enterprises, Inc., 834 F.3d 760, 765 (7th Cir. 2016), the evidence should be considered as a whole in determining whether a reasonable factfinder could conclude that a protected characteristic caused an adverse employment action. Plaintiff relies on the written posting, his selection for interview, management knowledge, timing of the rescission, the stated reason, and comparator and selection-process evidence as a combined circumstantial showing.

**29.** These authorities are cited as supporting legal framework. Plaintiff does not allege that the ADA required Defendant to award him the Detective position as an accommodation; rather, Plaintiff alleges that Defendant was required to provide nondiscriminatory consideration for an existing advancement opportunity and unlawfully removed him from that process because of disability and/or disability-related medical leave.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award all relief supported by the evidence and permitted by law, including:

**A.** A declaration that Defendant violated the ADA;

**B.** Appropriate equitable relief concerning the denied advancement opportunity, including promotion or other prospective relief if supported and available;

**C.** Back pay, lost wages, lost benefits, and other economic losses attributable to the unlawful employment action;

**D.** Compensatory damages to the extent permitted by law;

**E.** Prejudgment and post-judgment interest;

**F.** Costs of suit and, if counsel appears and fees are recoverable, reasonable attorney's fees; and

**G.** Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**s/ Edward Thomas**
EDWARD THOMAS, Pro Se
16930 Lincoln St
Hazel Crest, IL 60429
Telephone: 773-454-2267
Email: ethomas7516@gmail.com
Date: August 17, 2026

# EXHIBIT A
## EEOC DETERMINATION AND NOTICE OF RIGHTS
## Charge No. 440-2025-08284
## Issued May 20, 2026

The official EEOC Determination and Notice of Rights follows this exhibit cover page.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/20/2026

**To:** Mr. Edward Thomas
16930 Lincoln Street 1
HAZEL CREST, IL 60429
Charge No: 440-2025-08284

EEOC Representative and email: NIA MOORE
INVESTIGATOR
NIA.MOORE@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2025-08284.

On behalf of the Commission,

Digitally Signed By:Amrith Kaur Aakre
05/20/2026

Amrith Kaur Aakre
District Director

**Cc:**
Natalie Sanchez
Forest Preserve District of Cook County
69 W. Washington, Suite 2010
Chicago, IL 60602

Melody Saveall
Tristan Cervantes
150 N. Wacker Drive, Suite 1550
Chicago, IL 60606

Cook County Forest Preserves Police Dept
1 Aloha Ln
OAK BROOK, IL 60523

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law.*** *If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal.** You should **keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 440-2025-08284 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 440-2025-08284 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications)

**are not considered** in determining if the impairment substantially limits a major life activity.

- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EDWARD Thomas
16930 Lincoln ST
HAZEL CREST, IL
60429

Retail

U.S. POSTAGE PAID
FCM LG ENV
CHICAGO, IL 60699
AUG 18, 2026

UNITED STATES POSTAL SERVICE

60604

$7.29

RDC 99

S2324E501624-72

2026 NORTH AMERICAN SOCCER FOREVER USA
GOOOOOOOOOAL!!

RECEIVED
AUG 2 8 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EVERETT
McKINLEY DIRKSEN U.S
COURTHOUSE
219 S. DEARBORN ST
RM 2050 - CLERK's OFFICE
CHICAGO, IL 60604

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL®

9589 0710 5270 4691 5506 36